UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| REASSURE AMERICA LIFE INSURANCE COMPANY | CIVIL ACTION |
| | NUMBER 09-192-DLD |
| VERSUS | |
| | CONSENT CASE |
| PAUL CILANO, ET AL | |

### ORDER

This interpleader action is before the court on a motion for summary judgment filed by plaintiff Reassure America Life Insurance Company (Reassure America) (rec. doc. 20). Plaintiff moves this court for an order dismissing it from this action and reimbursing it for its attorneys' fees and costs incurred in connection with this matter. Plaintiff's motion is unopposed.

### Background

On August 27, 1991, Southwestern Life Insurance Company, which later merged with plaintiff Reassure America, issued a policy of life insurance bearing Policy No. 200001327 (the Policy) to Tammy L. Cilano covering the life of Ms. Cilano (rec. doc. 21, Exhibit 1 to Exhibit A). Ms. Cilano originally named her husband, Paul Cilano, as the primary beneficiary of the Policy and her lawful children as the contingent beneficiaries. Id. In 2002, Ms. Cilano changed the beneficiary designation to reflect that the primary beneficiary was 83.33% Paul Cilano and 16.67% her daughter, Jennifer Cilano. Id. On March 8, 2002, plaintiff issued a "Designation of Beneficiary" form reflecting this change (Id., Exhibits 2 and 3 to Exhibit A). Again on October 24, 2008, Ms. Cilano attempted to change the beneficiary designation on the Policy. Because the designations made by Ms. Cilano were not clear, plaintiff requested that Ms. Cilano clarify the beneficiary designation

(Id., Exhibits 4 and 5 to Exhibit A). As a result, on December 9, 2008, Ms. Cilano executed a Request for Change of Beneficiary Form and designated the beneficiaries of the Policy as Jessica M. Laborde (daughter) - 43.84%, Jennifer Lane Freeman (daughter) - 18.72%, Sarah Eve Cilano (daughter) - 18.72%, and Mark Hunter Cilano (son) - 18.72% (Id., Exhibit 6 to Exhibit A). Plaintiff accepted the Request for Change of Beneficiary and notified Ms. Cilano on December 18, 2008, that the beneficiary designation on the Policy had been changed (Id., Exhibit 7 to Exhibit A). Ms. Cilano died on February 24, 2009 (Id., Exhibit A).

After Ms. Cilano's death, plaintiff received a letter from defendant Paul Cilano's attorney contesting the December 9, 2008, change in beneficiary designation, demanding that the policy proceeds not be paid to the beneficiaries "named in the revision," and requesting a formal claim form (Id., Exhibit 8 to Exhibit A). The letter threatened that litigation would result if plaintiff paid the policy proceeds without the consent of all parties. Id. Additionally, plaintiff received Claimant Statements from Jessica M. Laborde, Sarah E. Cilano, Mark H. Cilano, and Jennifer L. Freeman (Id., Exhibits 9, 10, 11, 12 to Exhibit A).

Plaintiff acknowledges that the death benefits under the Policy are payable in the amount of $250,000, plus accrued interest (rec. doc. 21). Due to the conflicting claims, however, plaintiff is unable to establish the proper party entitled to receive the death benefits. In an effort to avoid double or multiple liability, plaintiff filed the instant interpleader action on April 3, 2009, naming all the competing claimants as defendants (rec. doc. 1). Plaintiff's complaint in interpleader sought an order from the court ordering it to deposit the Policy proceeds into the registry of the court, discharging it from any further

liability under the Policy, restraining defendants from instituting actions against it for recovery of the Policy proceeds, and reimbursing it for its costs and attorneys' fees incurred in connection with the interpleader action Id.

On April 8, 2009, the court issued an order restraining defendants from instituting further action against plaintiff and ordering plaintiff to deposit and the clerk of court to accept the Policy proceeds, plus accrued interest, into the registry of the court (rec. doc. 2). Thereafter, on April 24, 2009, pursuant to the court's order, plaintiff deposited the Policy proceeds, plus accrued interest, totaling $250,575.36, into the registry of the court (rec. doc. 21, Exhibit B). Defendants filed answers to plaintiff's complaint, and the parties filed their status report with the court. In the following months, plaintiff's counsel contacted defendants' counsel on at least four occasions and requested that defendants agree to dismiss plaintiff from the action and pay only a portion of the attorneys' fees incurred by plaintiff at that time, which was slightly more than $9,000. Defendants' counsel never responded to plaintiffs' request for dismissal and offer to settle plaintiff's claim for attorneys' fees and costs.

Having been unable to obtain a consent dismissal and a settlement of plaintiff's claim for attorneys' fees and costs, plaintiff now moves for summary judgment seeking an order dismissing it from this matter and reimbursing it for its attorneys' fees and costs incurred in the prosecution of this matter, which total $818.73 in costs and $14,756.00 in attorneys' fees (rec. doc. 21, Exhibit B). Plaintiff's request for dismissal and reimbursement of costs and attorneys' fees is unopposed, and all pre-trial deadlines have expired (rec. doc. 16).

**Law on Summary Judgment**

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law.  Federal Rule of Civil Procedure 56.  When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of its pleadings, but rather must come forward with "specific facts" showing that there is a genuine issue for trial.  *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e).  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial," and summary judgment is appropriate.  *Matsushita Electric Indus. Co.,* 475 U.S. at 588.

**Discussion**

Plaintiff filed its complaint in interpleader pursuant to Fed. R. Civ. P. 22 (rec. doc. 1).  An interpleader action brought under Rule 22 requires that subject-matter jurisdiction be satisfied through either federal question or diversity jurisdiction. *Perkins State Bank v. Connolly*, 632 F.2d 1306, fn. 3 (5th Cir. 1980; *Transit Management of Southeast Louisiana, Inc. v. Group Ins. Admin., Inc.*, 1997 WL 218253 (E.D. La. 1997).  Plaintiff alleges in its complaint that it is an insurance company incorporated in and with its principal place of business in Indiana and that defendants are all citizens of Louisiana. Id.  Based on plaintiff's allegations, diversity of citizenship is satisfied.  The amount of the Policy proceeds, plus accrued interest, is $250,575.26 (rec. doc. 21).  Thus, the amount in controversy requirement is satisfied.  This court has subject-matter jurisdiction over this

matter based on diversity jurisdiction and retains jurisdiction even if the diverse plaintiff is dismissed prior to a final judgment on the merits. See 28 U.S.C. §1332; *Travelers Ins. Co. V. Kilpatrick*, 675 F.2d 633, fn. 9 (5th Cir. 1982); *Leimbach v. Allen*, 976 F.2d 912 (4th Cir. 1992) (once established, subject-matter jurisdiction is retained even after the dismissal of the diverse plaintiff/stakeholder).

Plaintiff moves this court for an order dismissing it from this action and reimbursing it for its reasonable attorneys' fees and costs incurred in the prosecution of this action, to be paid from the Policy proceeds on deposit with the court (rec. doc. 21). An award of costs and reasonable attorneys' fees in an interpleader action is within the discretion of the district court. *Rhoades v. Casey*, 196 F.3d 592 (5th Cir. 1999), citing *Corrigan Dispatch Co. v. Casa Guzman, S.A.,* 696 F.2d 359 (5th Cir. 1983). The Fifth Circuit has noted that "costs and attorney's fees are generally awarded by federal courts to the plaintiff who initiated the interpleader as a mere stakeholder ...". *Massachusetts Indemnity and Life Insurance Co.*, 700 F.Supp.307 (M.D. La. 1988) citing *Perkins State Bank v. Connolly*, 632 F.2d 1306 (5th Cir. 1980); *Life Insurance Company of North America v. Nava*, 667 F.Supp. 279 (M. D. La. 1987).

Plaintiff properly investigated the competing claims against the Policy proceeds and determined that it may be subject to multiple liability. Plaintiff admitted liability in the amount of the Policy proceeds and has deposited the Policy proceeds into the registry of the court. Additionally, there are no pending claims between plaintiff and any of the defendant claimants. Thus, plaintiff is a mere stakeholder in this action and is entitled to dismissal.

In support of plaintiff's request for attorneys' fees and costs, plaintiff offers the

affidavit of its attorney. The affidavit indicates that two experienced attorneys represent plaintiff in this matter and that their rates are $195 and $375 per hour. The affidavit summarizes the actions taken by plaintiff's counsel in this action, including investigating the competing claims to the Policy, drafting the complaint in interpleader and supporting documents, ensuring that service was perfected on defendants, drafting correspondence to defendants, taking the lead role in drafting and filing the status report, negotiating a settlement of plaintiff's claim for attorneys' fees and costs, and preparing the motion for summary judgment and related documents (rec. doc. 21-3). Additionally, attached to the affidavit are five letters drafted by plaintiff's counsel to defendants, which explain the issues in this matter and indicate that on at least two occasions, plaintiff's counsel conducted legal research to address concerns raised by defendants' counsel (rec. doc. 21-4). Plaintiff has offered sufficient evidence to support its claim for attorneys' fees and costs, and defendants have not opposed plaintiff's request.

Based on the evidence submitted by plaintiff, and in the absence of an opposition, there are no genuine issues of material fact with respect to plaintiff's request for dismissal and reimbursement for attorneys' fees and costs. Plaintiff is, therefore, entitled to an order dismissing it from this action and reimbursing it for its attorneys' fees and costs incurred in connection with this matter, to be paid from the interpleaded funds.

Accordingly,

**IT IS ORDERED** that plaintiff's motion for summary judgment (rec. doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff **Reassure America Life Insurance**

**Company** is **DISMISSED, WITH PREJUDICE,** from this action.

  **IT IS FURTHER ORDERED** that plaintiff is entitled to reimbursement for its attorneys' fees in the amount of $14,756.00 and costs in the amount of $818.73, to be paid from the funds on deposit with the court.

  **IT IS FURTHER ORDERED** that plaintiff has **10 days** from the date of this order, or by **April 9, 2010**, to file a motion for disbursement of registry funds and proposed order, pursuant to **Local Rule 67.3M**.

  Signed in Baton Rouge, Louisiana, on March 30, 2010.

                     *[signature]*
                **MAGISTRATE JUDGE DOCIA L. DALBY**